The opinion of tbe Court was delivered by
Dunkin, C. J.
The defendant was sued before a magistrate as executor in bis own wrong. The act of intermedr dling charged, was tbe unlawful taking away a bed and *64 furniture and chest said to belong to the deceased. The magistrate ruled, upon the evidence, that the taking was illegal, and that "the defendant had thereby rendered himself liable to pay the debts of the estate,” and, accordingly, rendered a decree against the defendant for an amount exceeding the value of the articles taken.
Assuming the correctness of the magistrate’s conclusion that the defendant was an executor in his own wrong, he nevertheless, clearly miscarried in judgment as to the extent of the defendant’s liability. It is well settled that the value of the articles converted or taken is the measure of his responsibility. Again, although an executor de son tort 'has no right to retain for his own debt, as this (say the authorities) would afford an encouragement to intermed-dling, yet he is permitted to plead plene administravit, and to show that he has paid away the value of the assets in due course of administration. The subject was discussed and adjudicated in Leach vs. House, (1 Bail, 42.) Mr. Justice Johnson, speaking for the Court, says, “all the authorities agree that an executor de son tort can plead plene adminis-travit, and that he is not liable beyond the amount of the assets which came into his hands.”
But was the defendant a trespasser? The intestate, Nancy Mitchell, died at the residence of Mrs. Stewart, where she had been for about seven weeks prior to her decease. Mrs, Stewart (who was introduced as a witness on behalf of the plaintiff) said that the defendant took the articles, a bed and furniture and large chest, from her house soon after Nancy Mitchell’s death; that defendant had bought the bed and furniture and one large chest; that he requested witness to keep them until he called for them.
The defendant’s account was that he had bought the bed and furniture and chest from the deceased for seventeen dollars ; and this statement is corroborated by two witnesses who say they were present and saw the money paid, and *65 that it was returned to the defendant tó be appropriated as the deceased might direct, or to her use. If this statement be true, although the defendant may be liable to account for the seventeen dollars in a different form, he is not chargeable as executor in his own wrong; his intermed-dling was not tortious; in removing the bed, &c., from Mrs. Stewart’s house, he took only his own property. If the witnesses of the defendant, from their general character, were not entitled to credit, and it was so proved, the magistrate should have so reported. But in the absence of such proof, or of any contradictory evidence, it is no more competent for a magistrate than for a jury to disregard the positive testimony on merely conjectural improbabilities. (See Amic vs. Holmes, 3 Strob. 124.) The decree is set aside; and the case is remitted to the magistrate for reexamination.
WaRdlaw and Inglis, A. JJ., concurred.

Motion granted.